UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:
| | |
|---|---|
| **VALARIE MCEACHERN** | : |
| | :    CIVIL ACTION NO. 3:22-cv-00169 |
| **V.** | : |
| | : |
| **WALMART INC. DBA WALMART AND** | : |
| **WAL-MART STORES EAST,** | : |
| **LIMITED PARTNERSHIP** | :    JANUARY 28, 2022 |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendants, Walmart Inc. dba Walmart and Wal-Mart Stores East, Limited Partnership ("Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby remove this action from the Superior Court, Judicial District of New Haven, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1. The plaintiff, Valarie McEachern ("Plaintiff"), commenced an action by service of process against the Defendants in state court entitled, *Valarie McEachern v. Walmart Inc. dba Walmart, et al.*, Docket No. NNH-CV22-6120175-S and returnable to the Superior Court, Judicial District of New Haven. A copy of the referenced Summons and Complaint are attached hereto as **Exhibit A**.

2. This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendants of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendants were served on January 3, 2022.

- 1 -

3.     In her Complaint, the Plaintiff alleges a negligence action against the Defendants and seeks unspecified damages. The Plaintiff, however, alleges "…the following severe injuries, some of which are permanent, and which have caused and will continue to cause severe pain and suffering, great mental anxiety and distress of mind:

    a.   cervical spine pain;

    b.   thoracic pain;

    c.   muscle spasms;

    d.   right knee pain;

    e.   right hand pain;

    f.   lumbar radiculopathy;

    g.   said injuries involve the muscles, ligaments, nerves, soft tissues, veins, blood vessels, cartilages, bones and joints of the injured parts. Valarie McEachern also received a severe shock of the nervous system."

See Exhibit A, First-Second Counts, at ¶ 9(a)-(g). The Plaintiff further alleges that "[a]s a result of said injuries and the effects thereof, the plaintiff, required medical treatment for injuries and has been required to expend sums of money for physicians, x-rays, physical therapy and medications and in the future will have to incur further expenses for such purposes." Id. at ¶ 12. The Plaintiff also alleges that "[a]s a result of said injuries and the effects thereof, the plaintiff was unable to perform usual chores and was required to curtail activities." Id. at ¶ 10. Additionally, the plaintiff alleges that she endured pain and suffering. Id. at ¶ 11. Plaintiff provided the Defendants with bills for past medical expenses along with medical records which state that the Plaintiff has sustained a five percent (5%) permanent physical impairment rating to the lumbar spine. Plaintiff's medical provider opined that

- 2 -

the Plaintiff may require future symptomatic care at a cost of Two Thousand One Hundred Dollars to Two Thousand Eight Hundred Dollars ($2,100-$2,800) annually. The Plaintiff is 65-years old with a life expectancy of twenty-one (21) years. Based on the Plaintiff's allegations and the Defendants' investigation to date, the damages claimed exceed $75,000.00 upon information and belief.

4. According to the Summons filed by the Plaintiff, she resides in New Haven, Connecticut.

5. The defendant, Walmart Inc., is a corporation organized in the State of Delaware, with a principal place of business in Bentonville, Arkansas. The defendant, Wal-Mart Stores East, Limited Partnership is a Delaware limited partnership with a principal place of business in Bentonville, Arkansas. There is complete diversity of citizenship between the Plaintiff and the Defendants.

5. The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441.

6. This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

Dated this 28th day of January, 2022.

                                           THE DEFENDANTS

By: /s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6380
Fax: (860) 278-2179
E-mail: gspringer@roginlaw.com

- 3 -

**CERTIFICATION**

      This is to certify that a copy of the foregoing was served electronically this 28th day of January 2022 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jan Bershtein
Bershtein, Bershtein, & Bershtein
1188 Dixwell Avenue
Hamden, CT 06514

                                                    /s/ George C. Springer, Jr.
                                                    George C. Springer, Jr. [ct03263]

- 4 -

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT  06103-3460 • (860) 256-6300 • JURIS NO. 050793

# **EXHIBIT A**

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | **STATE OF CONNECTICUT** **SUPERIOR COURT** *www.jud.ct.gov*  |

Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 – 6800 | 02/01/2022 |

| [x] Judicial District [ ] Housing Session | G.A. Number: | At *(City/Town)* New Haven | Case type code *(See list on page 2)* Major: T  Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Jan Bershtein, Bershtein, Bershtein & Bershtein, PC, 1188 Dixwell Ave., Hamden, CT 06514 | 004150 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 624 – 5103 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [ ] Yes  [x] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: McEachern, Valarie  Address: 1640 Ella Grasso Boulevard, New Haven, CT 06511 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: WALMART INC dba WALMART, 702 SW 8TH ST, BENTONVILLE, AR 72716 through its agent for service:  Address: CT CORPORATION SYSTEM, 67 BURNSIDE AVENUE, EAST HARTFORD, CT 06108 | D-01 |
| Additional defendant | Name: WAL-MART STORES EAST LIMITED PARTNERSHIP, 702 SW 8TH ST. BENTONVILLE, AR through its  Address: agent for service: CT CORPORATION SYSTEM, 67 BURNSIDE AVENUE, EAST HARTFORD, CT 06108 | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |

### Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date 12/21/21 | Signed *(Sign and select proper box)* /s/ Jan Bershtein | [x] Commissioner of Superior Court [ ] Clerk | Name of person signing Jan Bershtein |

| If this summons is signed by a Clerk: | For Court Use Only |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |

Page 1 of 2

Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:
(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other |
| | M 68 | Bar Discipline - Inactive Status | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | |
|---|---|
| RETURN DATE: FEBRUARY 1, 2022 | SUPERIOR COURT |
| VALARIE MCEACHERN | JD OF NEW HAVEN |
| V | AT NEW HAVEN |
| WALMART INC dba WALMART and WAL-MART STORES EAST LIMITED PARTNERSHIP | DECEMBER 21, 2021 |

## COMPLAINT

### FIRST COUNT: AS TO WALMART INC. dba WALMART

1. At all times hereinafter mentioned, the plaintiff, Valarie McEachern, was a resident of New Haven, Connecticut.

2. At all times hereinafter mentioned, the defendant, Walmart Inc. dba Walmart was a Delaware company licensed to do business in, and actively conducting business within, the State of Connecticut.

3. At all times hereinafter mentioned, the defendant, Walmart Inc. dba Walmart, was the owner and proprietor of the premises known as 2300 Dixwell Avenue, Hamden, Connecticut.

4. At all times hereinafter mentioned, the defendant, Walmart Inc. dba Walmart, was in possession and control of the aforementioned premises.

5. At all times hereinafter mentioned, the defendant, Walmart Inc. dba Walmart, its agents, servants and/or employees had the responsibility to maintain the aforementioned premises.

6. At all times herein, the plaintiff, Valarie McEachern, was an invitee and/or

customer of the defendant.

7. On or about February 6, 2020, at approximately 6:30 pm, the plaintiff, Valarie McEachern, was lawfully walking into the defendant's store in the area near the cart corral next to the customer service desk, when she was caused to slip and fall due to unsafe and untreated wet conditions inside the store resulting in the injuries and losses set forth below.

8. Said incident and consequent injuries, damages and losses and the effects thereof, were caused by the carelessness and negligence of the defendant, Walmart Inc. dba Walmart, it's agents, servants and/or employees in that:

    a. the floor was in a dangerous condition in that there was a wet substance on the floor;

    b. the hazardous and defective floor was in a dangerous and unsafe condition and poorly maintained;

    c. the defendant permitted and allowed the floor to remain in a dangerous and hazardous condition;

    d. the defendant failed and neglected to inspect the floor for defects and other hazards;

    e. the defendant failed and neglected to correct the aforementioned defective, slippery and hazardous condition of the area which existed;

    f. the defendant failed and neglected to adequately warn the plaintiff and others of the dangerous, slippery and unsafe condition which then and there existed;

    g. the defendant failed to exercise reasonable care under all the circumstances

which then and there existed;

    h. the defendant failed to employ sufficient personnel to inspect and maintain the premises, specifically, the floor in the area near the cart corral next to the customer service desk, in order to prevent risk of injury to those lawfully in the area such as the plaintiff;

    i. the defendant knew or should have known that the area was in the aforementioned dangerous, unsafe and hazardous condition and that said condition created an unreasonable risk of injury to those upon the premises including the plaintiff but yet failed to take appropriate measures to maintain the area; and;

    j. the dangerous, wet, slippery and unsafe condition of the floor constituted an unreasonable risk of injury to the plaintiff and others using the area.

9. As a result of the carelessness and negligence of the defendant, its agents, servants, and/or employees, the plaintiff, Valarie McEachern, sustained the following severe injuries, some of which are permanent, and which have caused and will continue to cause severe pain and suffering, great mental anxiety and distress of mind:

    a. cervical spine pain;

    b. thoracic pain;

    c. muscle spasms;

    d. right knee pain;

    e. right hand pain;

    f. lumbar radiculopathy;

    g. said injuries involve the muscles, ligaments, nerves, soft tissues, veins, blood

vessels, cartilages, bones and joints of the injured parts. Valarie McEachern also received a severe shock of the nervous system.

10. As a further result of said injuries and the effects thereof, the plaintiff was unable to perform usual chores and was required to curtail activities.

11. As a further result of said injuries and the effects thereof, the plaintiff endured pain and suffering.

12. As a further result of said injuries and the effects thereof, the plaintiff, required medical treatment for injuries and has been required to expend sums of money for physicians, x-rays, physical therapy and medications and in the future will have to incur further expenses for such purposes.

**WHEREFORE, the plaintiff, Valarie McEachern, claims money damages.**

<u>SECOND COUNT</u>: AS TO WAL-MART STORES EAST LIMITED PARTNERSHIP

1. At all times hereinafter mentioned, the plaintiff, Valarie McEachern, was a resident of New Haven, Connecticut.

2. At all times hereinafter mentioned, the defendant, Wal-Mart Stores East Limited Partnership was a Delaware company licensed to do business in, and actively conducting business within, the State of Connecticut.

3. At all times hereinafter mentioned, the defendant, Wal-Mart Stores East Limited Partnership, was the owner and proprietor of the premises known as 2300 Dixwell Avenue, Hamden, Connecticut.

4. At all times hereinafter mentioned, the defendant, Wal-Mart Stores East Limited

Partnership, was in possession and control of the aforementioned premises.

5. At all times hereinafter mentioned, the defendant, Wal-Mart Stores East Limited Partnership, its agents, servants and/or employees had the responsibility to maintain the aforementioned premises.

6. At all times herein, the plaintiff, Valarie McEachern, was an invitee and/or customer of the defendant.

7. On or about February 6, 2020, at approximately 6:30 pm, the plaintiff, Valarie McEachern, was lawfully walking into the defendant's store in the area near the cart corral next to the customer service desk, when she was caused to slip and fall due to unsafe and untreated wet conditions inside the store resulting in the injuries and losses set forth below.

8. Said incident and consequent injuries, damages and losses and the effects thereof, were caused by the carelessness and negligence of the defendant, Wal-Mart Stores East Limited Partnership, it's agents, servants and/or employees in that:

    a. the floor was in a dangerous condition in that there was a wet substance on the floor;

    b. the hazardous and defective floor was in a dangerous and unsafe condition and poorly maintained;

    c. the defendant permitted and allowed the floor to remain in a dangerous and hazardous condition;

    d. the defendant failed and neglected to inspect the floor for defects and other hazards;

e. the defendant failed and neglected to correct the aforementioned defective, slippery and hazardous condition of the area which existed;

f. the defendant failed and neglected to adequately warn the plaintiff and others of the dangerous, slippery and unsafe condition which then and there existed;

g. the defendant failed to exercise reasonable care under all the circumstances which then and there existed;

h. the defendant failed to employ sufficient personnel to inspect and maintain the premises, specifically, the floor in the area near the cart corral next to the customer service desk, in order to prevent risk of injury to those lawfully in the area such as the plaintiff;

i. the defendant knew or should have known that the area was in the aforementioned dangerous, unsafe and hazardous condition and that said condition created an unreasonable risk of injury to those upon the premises including the plaintiff but yet failed to take appropriate measures to maintain the area; and;

j. the dangerous, wet, slippery and unsafe condition of the floor constituted an unreasonable risk of injury to the plaintiff and others using the area.

9. As a result of the carelessness and negligence of the defendant, its agents, servants, and/or employees, the plaintiff, Valarie McEachern, sustained the following severe injuries, some of which are permanent, and which have caused and will continue to cause severe pain and suffering, great mental anxiety and distress of mind:

a. cervical spine pain;

b. thoracic pain;

  c. muscle spasms;

  d. right knee pain;

  e. right hand pain;

  f. lumbar radiculopathy;

  g. said injuries involve the muscles, ligaments, nerves, soft tissues, veins, blood vessels, cartilages, bones and joints of the injured parts. Valarie McEachern also received a severe shock of the nervous system.

10. As a further result of said injuries and the effects thereof, the plaintiff was unable to perform usual chores and was required to curtail activities.

11. As a further result of said injuries and the effects thereof, the plaintiff endured pain and suffering.

12. As a further result of said injuries and the effects thereof, the plaintiff, required medical treatment for injuries and has been required to expend sums of money for physicians, x-rays, physical therapy and medications and in the future will have to incur further expenses for such purposes.

**WHEREFORE, the plaintiff, Valarie McEachern, claims money damages.**

Of this writ, with your doings thereon, make due service and return.

Dated at Hamden, Connecticut this 21st day of December, 2021

    I hereby certify that I have personal knowledge of the financial responsibility of the plaintiff and deem it sufficient to respond for costs in this action.

                  THE PLAINTIFF,

BY: _____
        Jan Bershtein, Esq.
        BERSHTEIN, BERSHTEIN & BERSHTEIN, P.C.
        1188 Dixwell Avenue
        Hamden, CT 06514
        Tel: 203-624-5103
        Juris #004150

PLEASE ENTER THE APPEARANCE OF
BERSHTEIN, BERSHTEIN & BERSHTEIN, P.C.
AS ATTORNEYS FOR THE PLAINTIFF IN THIS ACTION

RETURN DATE:  FEBRUARY 1, 2022          SUPERIOR COURT

VALARIE MCEACHERN                       JD OF NEW HAVEN

V                                       AT NEW HAVEN

WALMART INC dba WALMART and
WAL-MART STORES EAST LIMITED
PARTNERSHIP                             DECEMBER 21, 2021

## DEMAND FOR RELIEF

The amount, legal interest and property, in demand claimed by the plaintiff is in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFF,

BY: _____
Jan Bershtein, Esq.
BERSHTEIN, BERSHTEIN & BERSHTEIN, P.C.
1188 Dixwell Avenue
Hamden, CT 06514
Tel: 203-624-5103
Juris #004150

9